P/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

UNITED STATES OF AMERICA

                                              **ORDER**
                                            08-cr-0682 (NGG)

-against-

LANCE WHITE,

                            Defendant.
-------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      Defendant Lance White is charged with one count of being a felon in possession of a firearm. (See Docket Entry # 14.) He has moved to suppress all physical evidence—particularly, a firearm—gathered by law enforcement in a warrantless stop of a vehicle and of his person on the date of his arrest. (See Docket Entry # 13.) In his Motion, White contends that the Government has not provided an evidentiary basis for the vehicle stop which eventually led to the discovery of the challenged evidence. Specifically, he argues that:

> [n]o basis for the stop is given in either the state court complaint or the discovery produced by the U.S. Attorney subsequent to the federalization of this case. No tickets or other traffic violation was issued. After the stop, the police observed five people in a burgundy minivan, including Mr. White, who was sitting in the rear passenger seat of the van.

(Declaration of Deirdre D. Von Dornum, Esq., dated December 18, 2008 (Docket Entry # 13) ¶ 4.)

      Following a conference with the parties, the Government submitted affidavits from three law enforcement officers that provide an evidentiary basis for the stop at issue in Defendant's Motion. (See Letter dated June 29, 2009 (Docket Entry # 25), Ex. A (Affidavit of Detective Paul Herrmann) ("Herrmann Aff."), Ex. B (Affidavit of Sergeant Frank Guarino) ("Guarino Aff."),

1

Ex. C. (Affidavit of Special Agent Kieran Smith) ("Smith Aff.").) These affidavits show that the officers were notified by a reliable confidential informant that the Defendant associated with members of the Bloods street gang, regularly carried a silver and black pistol, and had arranged with the informant to sell a revolver to an undercover officer near the "Target Residence." (See Herrmann Aff. ¶¶ 7-8; Guarino Aff. ¶¶ 4-6; Smith Aff. ¶ 3.) The officers learned that the Defendant would be traveling to the Target Residence in a maroon minivan with a New York license plate, that the minivan would be driven by an African-American female with two other females, and that the other passengers would be armed because they intended to "shoot up" a house in the neighborhood in connection with a personal dispute. (See Herrmann Aff. ¶ 9; Guarino Aff. ¶ 8; Smith Aff. ¶ 5.) This confidential informant had been utilized extensively and successfully in the past. (See Herrmann Aff. ¶¶ 2-5; Guarino Aff. ¶¶ 2-3; Smith Aff. ¶ 2.)

Based on the information provided by the confidential informant, the officers parked an unmarked police car in a surveillance location near the Target Residence. (Herrmann Aff ¶ 11; Guarino Aff. ¶ 11; Smith Aff. ¶ 6) When the officers saw a maroon minivan, with New York license plates, occupied by two African-American females in the front seats and two additional individuals in the rear seats, traveling toward the Target Residence, they attempted to stop the vehicle. (Herrmann Aff. ¶¶ 13-15; Guarino Aff. ¶¶ 13-14; Smith Aff. ¶¶ 7-9.) The vehicle did not stop for a few blocks but, when it did, the officers noticed that the passengers appeared extremely nervous. (Herrmann Aff. ¶¶ 15-17; Guarino Aff. ¶¶ 14-16.) The officers asked the passengers to get out of the minivan and, during a frisk of Defendant White, the officers felt a gun. (Herrmann Aff. ¶¶ 18-20; Guarino Aff. ¶¶ 18-21; Smith Aff. ¶¶ 10-13.) Based on the officers' affidavits, the court concludes that their stop was appropriate and that Defendant's Motion should be denied.

"A brief investigatory stop of a vehicle based on probable cause or reasonable suspicion 'that criminal activity 'may be afoot'' does not contravene the Fourth Amendment." Gilles v. Repicky, 511 F.3d 239, 244 n.3 (2d Cir. 2007) (quoting United States v. Arvizu, 534 U.S. 266, 273 (2002)). Moreover, "the mere interception of a moving vehicle for questioning does not require probable cause, . . . and it is not unduly intrusive to require the occupants to step out of an auto even when suspected of lesser crimes." United States v. Ortiz, No. 95-1666, 1997 WL 225108, at *2 (2d Cir. May 5, 1997) (quoting United States v. Pelusio, 725 F.2d 161, 166 (2d Cir. 1983). "[I]t is also clear that officers conducting a stop may 'take steps to assure themselves that the person with whom they are dealing is not armed with a weapon that could unexpectedly and fatally be used against them.'" Id. (quoting Terry v. Ohio, 392 U.S. 1, 23 (1968) (internal alterations omitted)).

The stop and search in this case more than meet these standards. The officers stopped the maroon minivan because the circumstances they observed matched their expectations based upon specific information from a reliable confidential informant. The informant was well known to and considered reliable by the officers (see Herrmann Aff. ¶ 4; Guarino Aff. ¶ 4; Smith Aff. ¶ 2), and the information provided was highly corroborated by actual events (compare Herrmann Aff. ¶ 9; Guarino Aff. ¶ 8; Smith Aff. ¶ 5 with Hermann Aff. ¶¶ 13-15; Guarino Aff. ¶¶ 13-15; Smith Aff. ¶ 7). The officers had probable cause to believe that weapons were in the minivan and that the van's occupants were traveling to shoot up a residence and to engage in a gun sale. In these circumstances, the stop and search that led to the discovery of the evidence at issue did not violate the Fourth Amendment. See United States v. Elmore, 482 F.3d 172, 181 (2d Cir. 2007); Gilles, 511 F.3d at 244 n.3.

Accordingly, the Motion to Suppress is DENIED.

SO ORDERED

Dated: Brooklyn, New York
September 8, 2009

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge