UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

UNITED STATES OF AMERICA

**MEMORANDUM & ORDER
08-CR-0682 (NGG)**

-against-

LANCE WHITE,

Defendant.
-------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Defendant Lance White ("Defendant" or "White") is charged with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (See Docket Entry # 14.) Section 922(g)(1) makes it unlawful for any person who has been convicted "in any court of a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g)(1). Jury selection for his trial is scheduled to begin on December 7, 2009. On November 19, 2009, Defendant made five in limine requests.

Defendant asks the court to (1) prevent the Government from using the phrase "convicted felon" when referring to him in the presence of the jury; (2) preclude any reference to the name, nature or number of his prior felony convictions, give a limiting instruction to the jury concerning the use of his prior convictions, and redact from the indictment information concerning his prior felonies; (3) limit the scope of the Government's cross-examination of him, should he choose to testify; (4) preclude testimony by Government witnesses concerning a

1

confidential informant; and (5) prevent the introduction of certain post-arrest statements. (See Defendant's Motion in Limine (Docket Entry # 36) ("Def. Mem.").)

The parties agree on the second and fourth requests, but the Government opposes the remaining three. (See Government's Memorandum in Partial Opposition to Defendant's Motions in Limine (Docket Entry # 40) ("USA Mem.").) The court heard from the parties on these requests on November 30, 2009. Because of their agreement with respect to two of the requests,[1] the court addresses only the first, third, and fifth requests in this Memorandum & Order.

For the reasons that follow, Defendant's motions in limine are GRANTED IN PART AND DENIED IN PART.

I.  **REQUEST TO EXCLUDE THE PHRASE "CONVICTED FELON"**

In his first in limine request, Defendant asks the court to order that the phrase "convicted felon" not be used at trial to characterize him. (See Def. Mem. 3.) He points out that "convicted felon" does not appear in the statutory language of the charged offense, § 922(g)(1), and contends that its use before the jury would be inflammatory. (Id.) Defendant asks the court to require the use of alternative phrases, such as "previously was convicted of a felony" or "has been convicted of a felony," claiming that these phrases are less prejudicial than "convicted felon," and more closely track the statutory language. (Id.) For support, defense counsel points to United States v. Belk, 346 F.3d 305 (2d Cir. 2003), in which the Second Circuit commended a district court that prevented the Government from using the term "convicted felon." (Id.)

---

[1] With respect to White's second request, the Government has indicated that the parties will submit an executed stipulation prior to trial. With respect to the fourth request, the Government has agreed that it will elicit testimony only that White was the target of an investigation, but will not elicit testimony regarding the confidential informant. (See id.) At the status conference on November 30, 2009, the court also directed that the Government not utilize the phrase "gang squad" when referring to the investigatory unit of any testifying officer.

The Government opposes this request.  It argues that <u>Belk</u> does not establish a rule precluding the use of the phrase "convicted felon" in every case.  (USA Mem. 3-4.)  Moreover, the Government argues that the alternative phrases suggested by defense counsel are far more cumbersome than "convicted felon," but only slightly less prejudicial, if at all.  (<u>Id.</u> at 4.)  Finally, the Government argues that defense counsel is free to object at trial if she believes the Government is overusing the phrase, but that outright prohibition is not warranted.  (<u>Id.</u> at 4-5.)

The court will not impose a blanket prohibition on the use of the phrase "convicted felon" in reference to Defendant.  Although not contained in the statutory text of § 922(g)(1), the phrase is a convenient shorthand for the prior-conviction element of the statutory offense charged, and it is commonly used when referring to that element of the crime.  Courts have routinely used it in that manner, and defense counsel has provided no reason why it would be inflammatory to use it before a jury.  <u>See, e.g.</u>, <u>United States v. Rodriquez</u>, 128 S. Ct. 1783, 1786 (2008) (referring to "possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1)"); <u>United States v. McCourty</u>, 562 F.3d 458, 461 (2d Cir. 2009) (referring to "possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1)"); <u>United States v. Gonzalez</u>, 864 F. Supp. 375, 377 (S.D.N.Y. 1994) (noting that § 922(g)(1) "makes it a federal crime for a convicted felon to possess a firearm that has travelled in interstate commerce").

Of course, the use or repeated use of a label can be prejudicial in certain circumstances.  In <u>United States v. Farmer</u>, 583 F.3d 131, 144-48 (2d Cir. 2009), for example, the Second Circuit surveyed cases finding the introduction of a defendant's nickname to be unfairly prejudicial.  In <u>Farmer</u> itself, the defendant's nickname, "Murder," was mentioned "no fewer than thirty times during the [Government's] rebuttal summation in a presentation that occupie[d] only sixteen transcript pages," which, according to the Second Circuit, "amounted to a flagrant abuse."  <u>Id.</u> at

147. The problem with this tactic was "the prosecutors' frequently repeated, gratuitous invocation of Farmer's nickname, in their addresses to the jury, uttered in a context that, in effect, invited the jurors to infer that the defendant had earned the nickname among his gang colleagues as a result of his proclivity to commit murder, an inference corroborated by the government's evidence that he had yielded to that proclivity in the particular instances being tried." Id. at 146-47. Misuse of a nickname to suggest a criminal proclivity can therefore be highly prejudicial. See id.

Unlike Farmer, however, this case does not present an "earned" nickname suggesting that White has a propensity to commit the charged offense. "Convicted felon" is common shorthand for an element of the offense to which he has stipulated. While the court is cognizant of the need to prevent the jury from finding guilt based upon a criminal propensity, the risk posed by the challenged phrase is minimal. Moreover, it would be unduly burdensome to require the Government to steer completely clear of the phrase "convicted felon" at trial. Less restrictive measures are sufficient to minimize prejudice: the Government has represented that it will not overuse the phrase, and the court will carefully monitor its utilization to ensure that it is not abusively employed by the Government.

Belk does not require a contrary result. In Belk, the defendant asked the district court to bifurcate his one-count felon-in-possession trial into two phases: a phase to determine possession of a firearm, and, if necessary, a phase to determine previous conviction of a felony. 346 F.3d at 308. The district court denied bifurcation and the Second Circuit affirmed, holding that "a district court does not err when it refuses to bifurcate a defendant's jury trial to provide for separate consideration of the elements of a felon-in-possession charge." Id. at 307. In doing so, the Second Circuit noted "the importance of certain measures to protect the defendant in a §

922(g)(1) trial because 'the fact of a prior conviction may have an additional and adverse effect if the jury is unduly influenced by the prior conviction.'" Id. at 311 (quoting United States v. Gilliam, 994 F.2d 97, 100 (2d Cir.1993)). Among such protective measure was an instruction that the Government refrain from characterizing the defendant as a "convicted felon." However, the Second Circuit did not require district courts to prohibit all use of the phrase "convicted felon;" instead, the court referenced the measure as one among many that can reduce the risk of prejudice. Indeed, it placed less emphasis on the prohibition on the phrase "convicted felon" than on curative instructions and the narrowing of prior conviction evidence – measures the parties will be stipulating to in this case. See id. at 309-11.

For the foregoing reasons, White's request to prohibit the use of the phrase "convicted felon" is DENIED.

## II. REQUEST TO EXCLUDE PRIOR CONVICTION

Defendant has been convicted of six prior adult felonies. (See Def. Mem. 6; USA Mem. 7-8.)[2] If he testifies at trial, the Government intends to impeach him under Federal Rule of Evidence 609(a)(1) by introducing two of these prior convictions. The first is a conviction for selling drugs (the "December 1997 conviction"); the second is for two counts of robbery (the

---

[2] In April 1993, Defendant was convicted in Queens Supreme Court of Attempted Criminal Sale of a Controlled Substance in the Third Degree, for which he was sentenced to time served. (Id.)

In August 1993, he was convicted in South Carolina of Common Law Robbery, for which he was sentenced to a five-year suspended sentence (satisfied by time served and two years' probation). (Id.)

In May 1995, he was convicted in South Carolina of Discharging a Firearm into a Dwelling for which he was sentenced to a five-year suspended sentence (satisfied by time served and one year of probation). (Id.)

In December 1997, he was convicted in Queens Supreme Court of Criminal Sale of a Controlled Substance in the Third Degree for which he was sentenced to four-and-a-half to nine years in prison. (Id.)

In February 1998, he was convicted in Queens Supreme Court of First Degree Robbery and Second Degree Robbery – the First Degree count involved the display of a firearm. White was sentenced to concurrent terms of five years and eight years in prison for these convictions. (Id.)

In January 2002, he was convicted in New Jersey of Third Degree Criminal Possession of a Controlled Substance, for which he was sentenced to five years in prison. (Letter dated Dec. 2, 2009 (Docket Entry # 48).)

"February 1998 conviction"). (See Def. Mem. 6; USA Mem. 7-8.) The December 1997 conviction involved the sale of heroin, and the February 1998 conviction involved the armed robbery of a livery cab driver. (See Def. Mem. 6, 8; USA Mem. 7-8, 11.)

Defendant makes two basic arguments for exclusion: (1) that the robbery conviction is more prejudicial than probative; and (2) that the Government may not impeach him with more than one prior conviction. The court addresses each in turn.

### A. The February 1998 Conviction

Under Federal Rule of Evidence 609(a)(1), "evidence that an accused has been convicted of [a crime punishable by death or imprisonment in excess of one year] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." White moves to preclude introduction of the February 1998 robbery conviction as impeachment evidence on the grounds that the prejudicial effect of the conviction outweighs its probative value. (See Def. Mem. 9, 5-10.) He claims that the potential for prejudice is strong because the introduction of an armed robbery conviction will inflame the jury and invite the inference that he has a propensity to carry firearms or to commit gun offenses. (Id. at 8-9.) He also contends that excluding this conviction will not create the impression that he has no felony record, because the Government will still be able to introduce the December 1997 drug conviction. He argues that excluding the February 1998 conviction strikes the proper balance between the impeachment value of his prior convictions and the danger of an unfair propensity inference. (Id. at 9.)

The court first considers the impeachment value of the February 1998 robbery conviction. As an initial matter, "all felonies are at least somewhat probative of a witness's propensity to testify truthfully." United States v. Estrada, 430 F.3d 606, 617 (2d Cir. 2005). In

particular, "theft crimes, and other crimes involving stealth . . . bear on a witness's propensity to testify truthfully." Id. at 621. Moreover, as the Second Circuit has recognized, "the gravity of an offense may bear on truthfulness, to the extent that more serious offenses indicate a stronger willingness to ignore the law." Id. at 618. Similarly, "crimes requiring planning or preparation bear more strongly on veracity than violence alone suggests because planning indicates deliberate and injurious violation of basic standards rather than impulse or anger, and usually it involves some element of deceiving the victim." Id. (internal quotation marks omitted).

Based on these considerations, the February 1998 robbery conviction is probative of Defendant's truthfulness. The crime involved theft from another person and is an extremely serious offense. (See Def. Mem. 8; USA Mem. 11.) The theft element is probative of honesty, and its gravity suggests White's willingness to ignore the law. Estrada, 430 F.3d at 618. Moreover, White's robbery conviction involved a gun and an accomplice, suggesting that the crime resulted from planning or premeditation, rather than anger or impulse. Such an offense displays an "injurious violation of basic standards," and may have involved "some element of deceiving the victim." Id. Based on the foregoing, the court concludes that the robbery conviction is probative of truthfulness.

With respect to prejudice, the court finds that, to the extent that the robbery conviction involves the use of a firearm, its prejudicial effect could be substantial. Because the robbery conviction and the instant offense both involve a firearm, there is a substantial risk that the jury would conclude that White has a propensity to commit gun offenses or a propensity to carry a weapon. See Old Chief v. United States, 519 U.S. 172, 185 (1997) ("Where a prior conviction was for a gun crime or one similar to other charges in a pending case the risk of unfair prejudice would be especially obvious. . . ."). In this regard, the similarity between the crimes weighs

heavily against their presentation to the jury. See United States v. Joe, No. 07-CR-734 (JFK), 2008 WL 2810169, at *4 (S.D.N.Y. July 21, 2008) ("Because the prior conviction for firearms possession is nearly identical to the conduct charged in Count One, the jury may infer unfairly that Defendant has a propensity to commit firearms offenses.").

In considering the admissibility of the conviction, however, the court retains the authority to limit the evidence presented in order to curtail its prejudicial effect. See United States v. Brown, No. 07-CR-874 (KAM), 2009 WL 728448, at *3 (E.D.N.Y. Mar. 10, 2009). In this case, prohibiting any mention of a firearm in relation to the February 1998 robbery conviction would mitigate the prejudice to Defendant, while still allowing the jury to consider the conviction for its probative value regarding veracity. This can be achieved by allowing evidence of the basic nature of the offense (robbery), its date, and sentence, but prohibiting any mention of the use of a gun. With this limitation, the court finds that the probative value of the conviction outweighs its prejudicial effect.[3]

### B. Multiple Convictions

At the court's recent status conference, Defendant raised an additional argument concerning impeachment. (See Tr. dated Nov. 30, 2009 ("Tr.").) Specifically, Defendant argued that Rule 609(a)(1) does not permit the introduction of more than a single prior felony for impeachment purposes. (See Tr. dated Nov. 30, 2009 ("Tr."), at 12.) He asserts that there is no

---

[3] The court's ruling is supported by other factors often considered by courts in determining admissibility under Rule 609(a). In addition to the impeachment value of a conviction and its similarity to charged offenses, courts have considered the date of the conviction, the defendant's subsequent history, the centrality of the defendant's credibility, and the importance of the testimony in the case. See Brown, 2009 WL 728448, at *3. The parties agree that the instant offense occurred only two-and-a-half years after he was released from imprisonment for the robbery conviction. (See USA Mem. 12; Def. Mem. 8-9.) This conviction was also close in time to the drug conviction which is concededly admissible. With respect to the importance of Defendant's credibility and of his testimony, the court concludes that these factors favor the introduction of the conviction. If White testifies, he is likely to offer a version of events that is different from the three officers who will present the Government's case. The question of his credibility will therefore be important to the jury.

authority "that would allow, under 609, a defendant to be cross examined on multiple convictions. All of the case law cited by the government, all of the case law that I'm aware of, allows the cross-examination on a single conviction." (Id.) Accordingly, White asks that the court limit cross-examination to only one of the two offered convictions.

Despite Defendant's assertion, the Government has cited a case involving the introduction of two prior convictions for impeachment against a defendant – a robbery offense and a drug offense. See United States v. Alexander, 48 F.3d 1477, 1487-89 (9th Cir. 1995). In that case, the district court admitted two convictions against a defendant who was facing bank robbery charges and testified in his own defense. See id. On appeal, the Ninth Circuit concluded that the district court properly weighed the probative value of presenting two prior convictions against the prejudice resulting from their introduction. Id. The Ninth's Circuit's decision is consistent with the Second Circuit's opinion in Estrada, in which the court repeatedly referred to admission of "convictions" – in the plural – when referring to impeachment under Rule 609(a)(1). See, e.g., Estrada, 430 F.3d at 615 ("[b]oth Rule 609(a)(1) and (a)(2) contemplate admitting 'evidence' of a witness's convictions for impeachment purposes") (emphasis added), 617 ("it is the jury's function to assess the probative value of a witness's specific conviction or convictions as part of its overall evaluation of the witness's credibility") (emphasis added); see also United States v. Vereen, No. 99-CR-279 (CFD), 2000 WL 490740, at *6 (D. Conn. Mar. 2, 2000) (permitting cross-examination of two prior felonies under Rule 609(a)(1)).[4] Neither

---

[4] Nor is there any suggestion that the analysis in Estrada was limited to non-defendant witnesses. Rule 609 imposes a separate balancing test for prejudice for a testifying criminal defendant, but does not indicate a distinction in terms of the number of convictions that may be considered. See Fed. R. Evid. 609(a)(1) ("evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403 . . . [while] evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused").

9

Estrada nor the text of Rule 609 suggests a prohibition on the use of multiple convictions for impeachment purposes.

Of course, in considering admission of multiple convictions, the aggregate prejudicial effect of those convictions must still be weighed against their probative value. Once a prior felony has been presented to the jury, the incremental value of additional convictions may be diminished. See United States v. Washington, 746 F.2d 104, 107 (2d Cir. 1984) (Newman, J., concurring) ("Once credibility is impeached by a prior felony conviction, the incremental probative force of a second conviction is minimal."). But this does not mean that the increased impeachment value of the second felony conviction is <u>always</u> outweighed by its prejudicial effect on the accused. Cf. id. ("[T]he prejudicial effect is substantial when the second conviction is <u>for the same type of offense</u> as the pending charge.") (emphasis added). To the contrary, since felony convictions are probative of dishonesty, additional convictions suggest greater dishonesty. Although the marginal probative value of each additional conviction might diminish as more are presented to the jury, the introduction of two convictions, rather than one, does not always tip the scales from more probative to more prejudicial. Cf. Old Chief, 519 U.S. at 183 ("[T]he mere fact that two pieces of evidence might go to the same point would not, of course, necessarily mean that only one of them might come in.").

In this case, however, the court concludes that the prejudicial effect of the two prior convictions would outweigh their impeachment value. The convictions sought to be introduced are moderately probative of veracity based upon the factors identified by Estrada. Yet, since one of the convictions involved theft by force and the other involved the sale of drugs, they are both suggestive of a propensity to engage in crime that may involve a firearm. Weighing these considerations, the court concludes that, presented with these two convictions, the jury is more

likely to view the testifying Defendant as having a propensity to commit crime (and to carry a gun) than having a propensity to be dishonest. The prior convictions' probative value as to truthfulness, therefore, does not outweigh the danger of the prejudicial effect of a propensity inference.

Accordingly, at this time, the court will permit only one of the two convictions to be used for impeachment. Since the Government has expressed a preference for the February 1998 robbery conviction – and since that conviction is slightly more recent and involved a theft crime – the court will permit its introduction. (See Tr. 16.) The evidence of this conviction shall be limited to the generic nature of the offense (robbery), its date and the sentence. See Estrada, 430 F.3d at 616 (listing evidence that is "presumptively" admissible under Rule 609(a)(1)). Of course, were the Government to introduce the December 1997 conviction instead, that decision would be permissible under the Rule.

The court cautions, however, that its ruling is subject to modification depending upon the testimony of Defendant. Should Defendant's testimony implicate his criminal history or his prior use of guns, for example, the court will reconsider its decision to preclude use of additional convictions for impeachment purposes. See Alexander, 48 F.3d at 1489 (affirming impeachment by two prior felonies when a defendant's testimony "could reasonably have misled the jury into believing that, with the exception of some minor traffic infractions, [the defendant] had no previous trouble with the police").

As set forth above, the motion in limine to exclude Defendant's prior convictions is GRANTED IN PART AND DENIED IN PART.

## III.    REQUEST TO EXCLUDE POST-ARREST STATEMENTS

In his fifth request, Defendant seeks to exclude several post-arrest statements that he made to law enforcement. The Government claims he made the following statements: he did not own the firearms that were recovered on the day of his arrest; the firearms must have belonged to the other individuals in the vehicle in which he was apprehended; he knew a firearms trafficker who traveled back and forth from Miami and acquired firearms there; he was willing to cooperate with law enforcement by purchasing firearms from the Miami-based trafficker; and he would have to be immediately released from prison in order to make that purchase. (See Def. Mem. 23 & Ex. E; USA Mem. 19-20.) Defendant seeks to exclude the statements regarding the Miami gun trafficker, claiming that it is both irrelevant and more prejudicial than probative.[5]  (See Def. Mem. 23-26.)

Federal Rule of Evidence 402 "provides that only 'relevant evidence' is admissible." United States v. Malpeso, 115 F.3d 155, 162 (2d Cir. 1997). "[Federal Rule of Evidence] 401 defines relevant evidence as having 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" Old Chief, 519 U.S. at 178 (quoting Fed. R. Evid. 401)). Rule 403 permits the court to exclude "relevant evidence when its 'probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" Id. at 180 (quoting Fed. R. Evid. 403)).

The court agrees with the Government that the evidence relating to the putative Miami firearms trafficker is relevant to the charge in this case under Rule 401. (See USA Mem. 23-24.)

---

[5] Defendant states that these statements may be introduced if he chooses to testify. (Tr. 18.)

As the Government observes, "[t]he fact that Defendant knew a firearms trafficker in Miami" tends to make it more probable that he had the "means and opportunity to acquire an illegal firearm," and that he possessed a firearm, as charged in the indictment. (Id.) But the evidence is only marginally relevant on that point. As defense counsel points out, White is "not on trial for knowing gun dealers or purchasing guns." (Def. Mem. 24.) He is charged with possessing a weapon on a particular date in a particular location.

The relevance of White's ability to procure a gun, his association with a gun dealer in Florida, and his willingness to cooperate with law enforcement will be substantially outweighed by the danger of jury confusion. There is a risk of confusion about what the issues are at trial, a risk of delaying resolution of the pertinent facts, and a risk of inviting the prejudicial inference that White's association with an out-of-state gun dealer makes him more likely to have carried a weapon on the day in question. The evidence at trial should focus on the facts and circumstances charged, and the court deems it appropriate at this time to avoid the delay and jury confusion that would be invited by introducing collateral issues of marginal relevance to the charged offense. Under Rule 403, therefore, the court GRANTS the motion to exclude the post-arrest statements identified by defense counsel.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Defendant's request to limit the use of the term "convicted felon." The court will carefully monitor its use at trial, however, to prevent possible overuse. The court GRANTS IN PART AND DENIES IN PART Defendant's motion to limit his impeachment by prior conviction, should he testify. Subject to possible reconsideration based upon Defendant's testimony, the Government shall be permitted to cross-examine White with evidence of his February 1998 robbery conviction. This evidence shall be

limited to the generic nature of the offense (robbery), its date and the sentence – with no mention of the use of a firearm.  The court GRANTS Defendant's motion to preclude evidence of certain of his post-arrest statements.

With respect to the requests on which the parties have reached agreement, the court directs them to submit any stipulations in advance of trial.

SO ORDERED

Dated: Brooklyn, New York
      December 4, 2009

      _/s/ Nicholas G. Garaufis___
      NICHOLAS G. GARAUFIS
      United States District Judge