UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

UNITED STATES OF AMERICA

**MEMORANDUM & ORDER**
**08-CR-0682 (NGG)**

-against-

LANCE WHITE,

Defendant.
-------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

In this felon-in-possession case, the Government has made two <u>in limine</u> evidentiary requests. The Government intends to introduce the testimony of three police officers regarding the stop and search of a minivan occupied by Defendant and four women. In its first request, the Government asks the court to preclude evidence regarding the arrests and charging of the other four individuals in the vehicle. (<u>See</u> Docket Entry # 45 ("USA Mem.").) In its second request, the Government asks the court to preclude the use of certain impeachment evidence during Defendant's cross-examination of the police officers.[1] In this Memorandum & Order, the court sets out its rulings on the Government's requests. For the reasons that follow, the Government's motions <u>in limine</u> are GRANTED.

---

[1] The Government filed this request regarding cross-examination under seal. The court addresses one of the Government's sealed requests in this Memorandum & Order and the remainder of the request in a separate Sealed Order. Defense counsel's response has been filed on the docket in part (<u>see</u> Docket Entry # 50), and under seal in part. In its response, the Defendant supplements his <u>in limine</u> requests by asking to introduce what the Government seeks to preclude. In one instance, Defendant has supplemented his <u>in limine</u> requests further by asking for additional relief. The court addresses these requests below.

1

**I.     REQUEST TO EXCLUDE EVIDENCE REGARDING OTHER INDIVIDUALS**

The Government intends to present evidence that the arresting law enforcement officers asked Defendant to exit a minivan for a frisk and found a gun in his pocket. (See USA Mem. 2.) According to the Government, the officers then asked the four female occupants of the vehicle to exit, and found two additional firearms in a purse inside the minivan. (Id.) The Government contends that discovery of these firearms permitted arrest of all four women under New York Penal Code § 265.13(3).[2] (Id.) Under that provision, "[t]he presence in an automobile, other than a stolen one or a public omnibus, of any firearm . . . is presumptive evidence of its possession by all persons occupying such automobile at the time such weapon, instrument or appliance is found." N.Y. Penal Code § 265.15(3) (the "constructive possession" provision).

The Government seeks to preclude evidence relating to the arrests, charging decisions, and subsequent case histories of the women who were with Defendant in the minivan at the time of his arrest. (See USA Mem. 2.) It argues that introducing such evidence will raise confusing and complex issues before the jury – it will involve detailed discussion of the constructive possession provision of the New York Penal Code, and will cause the jury to speculate about the status or relevance of the other individuals' cases. (Id. at 2-3.) The Government contends that these issues will distract the jury from the key issue in the case: whether Defendant was carrying a gun when he was stopped on the day in question. (Id. at 3.)

In response, Defendant argues that evidence regarding the arrests and charging decisions of the other individuals is more probative than prejudicial. (See Docket Entry # 50 ("Def. Mem.") 10-14.) He points out that New York Penal Code Section 265.15(3) contains a pertinent

---

[2] All five individuals were originally charged with possessing all three firearms. The Queens District Attorney subsequently dropped all the charges against all defendants except for the individual in whose purse two of the guns were found. That individual is charged with possessing those two weapons. (USA Mem. 1.)

exception to the constructive possession provision: that the provision does not extend to a weapon found <u>on the person</u> of one of the occupants. (Def. Mem. 12 (citing N.Y. Penal Code § 265.15(3)).) He argues that this exception calls into question the police officer's assertions that they found a gun in White's pocket.

To reach this conclusion, White relies upon the fact that each of the four individuals was charged with possession of all three firearms – the two in the purse, plus the gun allegedly in White's possession. (<u>Id.</u> at 12-13.) He argues that this charging decision suggests that all three guns were found in the vehicle, and that none were on his person. Had a gun been found on White's person, none of the other individuals in the vehicle could have been charged with possessing that particular gun, because of the exception contained in the New York Penal Code. Based on this theory, White asks to introduce evidence regarding the arrests and charging decisions for the other individuals apprehended in the minivan. (<u>Id.</u>)

The court will exclude the challenged evidence. "While a defendant is entitled to cross-examine government witnesses as to inconsistent statements, 'the government's charging decisions are not proper subjects for cross-examination and argument.'" <u>United States v. Carneglia</u>, No. 08-CR-0076 (JBW), 2009 WL 185725, at *1 (E.D.N.Y. Jan. 27, 2009) (quoting <u>United States v. Re</u>, 401 F.3d 828, 832 (7th Cir. 2005)). The particular charging choices of government agents may rely upon a variety of considerations, and those decisions regarding one individual do not necessarily speak to the separate issue of another individual's guilt or innocence. To the extent that Defendant seeks to introduce charging decisions regarding the other individuals in the minivan, that evidence is not relevant to the question of whether Defendant White possessed a firearm.

Alternatively, to the extent that Defendant's theory relies upon evidence that does not involve charging decisions – or to the extent that charging decisions can be considered relevant to this case – the probative value of such evidence is substantially outweighed by the danger of confusing or misleading jury.  See Fed. R. Evid. 403.  It will be extremely confusing to the jury to present the chain of complex reasoning by which Defendant intends to show that the charges against other individuals bear upon his possession of a gun.  The focus of trial could easily turn toward a dispute over the charging decisions, arrests and cases of the four women in the minivan.  The trial's focus could also be diverted toward a mini-trial concerning the arresting officers' knowledge of various provisions and exceptions in the New York Penal Code.  Such a detour has the potential to be extremely confusing for the jurors and to distract them from their determination of the count charged in the indictment.

The court declines to invite a trial within a trial on the intricacies of the New York State Penal Code and the cases of other individuals.  The key disputed fact at trial will be White's possession of a firearm.  Defendant will have the opportunity to cross-examine the officers on their testimony about this topic.  He is also free to present his version of events.  On account of the danger of distracting the jury from the pertinent issues at trial, the Government's motion is GRANTED.

## II. REQUEST TO EXCLUDE CERTAIN CROSS-EXAMINATION OF OFFICERS

The Government seeks to preclude questioning regarding testimony that one of its witnesses, Detective Paul D. Hermann ("Detective Hermann"), gave before Judge Frederic Block during a suppression hearing in an unrelated case.  In that case, Judge Block granted a defendant's motion to suppress a gun and ammunition seized from him by police officers.  See United States v. Goines, 604 F. Supp. 2d 533 (E.D.N.Y. 2009).  In deciding to suppress the

evidence, Judge Block did not credit numerous aspects of Detective Hermann's testimony. The Government argues that these determinations are neither relevant nor sufficiently probative of truthfulness to outweigh the danger of unfair prejudice or confusion of the issues. It contends that in United States v. Cruz, 894 F.2d 41 (2d Cir.1990), the Second Circuit found prior credibility findings to be irrelevant.

Defendant counters that cross-examination about the instances in which Judge Block did not credit the statements of Detective Hermann is proper impeachment under Rule 608(b). Defendant argues that Judge Block made six adverse credibility determinations against Detective Hermann and that these findings are probative evidence of his character for truthfulness. Because Detective Hermann will be a key witness for the Government, Defendant argues, cross-examination about these specific instances of conduct is permissible under Rule 608. He contends that, even in light of Cruz, courts in this circuit have permitted such evidence to be presented to the jury.

Under Federal Rule of Evidence 608(b), a district court may permit cross-examination of a witness concerning that individual's character for truthfulness. In Cruz, the Second Circuit concluded that a transcript including the prior adverse credibility finding by a federal judge was not relevant to the credibility of that witness in a later proceeding. 894 F.2d at 43. The Second Circuit reasoned that the judge had not found a general lack of veracity on the part of the witness, nor was there a connection between the subject matter of the two cases. Id. Courts in the circuit have interpreted Cruz to mean that, in determining whether to admit a prior credibility determination, a district court has discretion to consider "whether or not the finding in question is a general conclusion about the witness's veracity and whether or not there is a connection between the subject matter of the witness's testimony in the two cases." United States v.

5

Nelson, 365 F. Supp. 2d 381, 387 (S.D.N.Y. 2005); see also United States v. Shaw, No. 06-CR-0041(CM), 2008 WL 4899541, at *9 (S.D.N.Y. Nov. 13, 2008).

Having reviewed Judge Block's decision in Goines, the court concludes that it should not be permitted as a subject of cross-examination. As an initial matter, the Cruz factors weigh against admission because Judge Block's finding was not a finding on Detective Hermann's general veracity, and the case is entirely unrelated to this one. Moreover, Judge's Block's decision in Goines involved a detailed and complex reconstruction of events, cobbled together from various testimonial accounts of Detective Hermann and the defendant in that case. The decision credits Detective Hermann's hearing testimony in some places, discredits it in many others, and relies on his prior testimony in others. Moreover, the inconsistencies relied upon in crediting some testimony and not others may have resulted from a combination of passage of time, confusion, lack of first-hand knowledge, rather than merely the veracity of the witness.

Because of the complex nature of the findings in Goines, it would be difficult for the attorneys in this case to provide the jury with a straightforward account of what Judge Block found. Even in their briefing, defense counsel has focused on the instances in which Judge Block did not credit Detective Hermann's testimony, while the Government has zeroed in on the instances in which Judge Block found him credible. These conflicting views of Judge Block's findings indicate that it would be exceedingly difficult to communicate its meaning to the jury without delving into the details of the facts and history of that case, as well as the particular testimony and findings of Judge Block. Again, the court declines to invite such distraction and confusion of the jury resulting from considerations that are far afield from the actual issues in the case. Accordingly, the Government's motion to preclude cross-examination regarding Judge Block's ruling in Goines is GRANTED.

## III. CONCLUSION

For the foregoing reasons, the Government's motions are GRANTED.

SO ORDERED

Dated: Brooklyn, New York
      December 4, 2009

_/s/ Nicholas G. Garaufis_____
NICHOLAS G. GARAUFIS
United States District Judge